IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| South Carolina Department of Social Services, | C/A No. 4:23-cv-3258-SAL-TER |
| Plaintiff, | |
| v. | **ORDER** |
| Taylor Godbold-Williams and Nancy Amerson, | |
| Defendants. | |

Defendants purport to remove the instant action from the Family Court of the Twelfth Judicial Circuit, Florence County. The Notice of Removal is simply one sentence stating the action is "hereby removed." [ECF No. 1.] Plaintiff, South Carolina Department of Social Services ("SCDSS") brought this action in state family court for an ex parte removal of a child due to abuse and/or neglect with an affidavit of imminent and substantial danger. Emergency protective custody was already granted to SCDSS.  For the reasons that follow, this matter should be remanded to state court, as the court is without jurisdiction.

The removal of civil actions to federal court is governed by 28 U.S.C. § 1441.  Only actions brought in state court of which district courts have original jurisdiction may be removed. 28 U.S.C. § 1441(a). There is no original jurisdiction available here under § 1331 or 1332, as there is no federal question jurisdiction or diversity jurisdiction pleaded or available under these facts. A federal court should remand the case to state court if there is no federal subject matter jurisdiction evident from the face of the notice of removal and any state court pleadings provided. *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, sua sponte remand is available under appropriate circumstances.

1

A cause of action regarding child abuse and neglect instituted by SCDSS is a state law cause of action, and Defendants have not shown or pleaded how the action would have original jurisdiction in this court. *S.C. Dep't of Soc. Servs. v. Wright*, No. 4:22-cv-1853-JD-KDW, 2022 WL 17418092, at *1 (D.S.C. July 22, 2022), *report and recommendation adopted*, 2022 WL 16947755 (D.S.C. Nov. 15, 2022). Further, to the extent Defendant is seeking to raise defenses based on the constitution or federal statutes, defenses do not establish removal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985). This court is without subject matter jurisdiction, and this action should be remanded to state court.

The motion for leave to proceed in forma pauperis, ECF No. 3, is granted. However, for the foregoing reasons, the court remands this matter to the Family Court of the Twelfth Judicial Circuit, Florence County, South Carolina, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

July 11, 2023
Columbia, South Carolina

Sherri A. Lydon
United States District Judge